UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CEBRERO,<br><br>        Petitioner,<br><br>    v.<br><br>S. FRAUENHEIM,<br><br>        Respondent. | Case No.: 1:16-cv-00173-DAD-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT A FIRST AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254<br><br>ORDER DENYING WITHOUT PREJUDICE PETITION'S MOTION FOR STAY<br><br>THIRTY-DAY DEADLINE |

Along with the petition, which raises twelve grounds for relief, Petitioner has requested a stay and abey order to exhaust grounds eight through twelve in state court. For the following reasons, the Court will order that Petitioner file an amended petition.

**DISCUSSION**

Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

" . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains that:

"'(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real

1

possibility of constitutional error.'" 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977).

A preliminary review of the petition shows that Petitioner has not completed the petition nor has he separately listed each ground for relief along with a brief statement of facts supporting each ground. Petitioner adequately explains grounds one through seven, which appear to be exhausted. However, for grounds eight through twelve, the unexhausted claims, Petitioner directs the Court not to another part of the petition, or even an attached addendum to the petition, but to an entirely <u>separate</u> motion for stay and abeyance. In that motion for stay and abeyance, Petitioner explains ground ten through twelve in sufficient detail, but grounds eight and nine do not contain any explanation, either legal or factual, whatsoever. Instead, Petitioner attaches numerous letters, documents, and filings, each apparently included to support his contentions in grounds eight and nine. Unfortunately, since Petitioner has not explained to the Court what the contentions in grounds eight and nine actually are, the Court is not in a position to allow those claims to proceed.

Petitioner must submit an amended petition filling out the portion of the petition which sets forth a <u>brief statement of the ground for relief and supporting facts thereto</u>. **The Court stresses the impropriety of filing a petition that contains blank spaces or "not applicable" or, in this case, "please refer to stay and abeyance motion," where the descriptions of the claims are to be found, and then refers the reader to a separate document. This type of filing requires the court to expend a significant amount of time attempting to determine what Petitioner's claims are and whether he provides sufficient facts to support them. Such information can be provided in a brief manner by completing the form petition.**

Moreover, it is not the duty of federal courts to try to determine what might constitute a claim for relief or which claims Petitioner might intend to bring before the Court. Such duty is upon the individual who asserts a denial of his constitutional rights. **The Court will not read through several hundreds of pages in order to determine what claims Petitioner might wish to bring**. <u>**The form petition's primary purpose is to make the listing of Petitioner's claims easy and to enable the Court to make a determination that the claims and supporting facts allege a proper denial of a constitutional right.**</u> The Court cannot proceed with the case until such claims are made clear. Thus,

2

Petitioner must set forth a sufficiently clear statement of his claims and a brief statement of supporting facts to enable a court to understand his argument and to render a decision on the matter.

Finally, regarding Petitioner's request for a stay and abeyance, the Court must deny that motion without prejudice because Petitioner has not explained the substantive claims contained within grounds eight and nine. Under Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court had determined that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) *petitioner's unexhausted claims are not "plainly meritless"* and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

Obviously, the second requirement of Rhines, i.e., that the Court has determined that the proposed unexhausted claims are not "plainly meritless," requires that this Court examine the factual and legal basis of each unexhausted claim to determine whether a stay is warranted. In the body of the petition, Petitioner notes that ground eight involves a claim of innocence based on newly discovered evidence and ground nine involves a lack of access to juror identification information. (Doc. 1, p. 18; 20). However, Petitioner offers no explanation or details that would permit the Court to determine, for purposes of a stay, whether such bare-bones contentions are "plainly meritless" or not. Accordingly, Petitioner may submit an amended motion for stay and abeyance along with the First Amended Petitioner and the Court will consider both. **However, Petitioner is reminded that he must completely fill out the form for the First Amended Petitioner and he must include adequate legal and factual information for the Court to conduct its preliminary screening function to determine whether a cognizable federal claim has been stated and, if a motion for stay is filed, to also determine whether such claims are "plainly meritless."**

**ORDER**

Accordingly, the Court ORDERS:

1. Petitioner is GRANTED 30 days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that clearly lists each ground for relief petitioner intends to raise in this Court along with a brief statement of supporting facts. The amended petition should be clearly titled "FIRST AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 220.

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

3. Petitioner's motion for a stay and abeyance is denied without prejudice to renew the motion upon the filing of the First Amended Petition.

**Petitioner is forewarned that his failure to comply with this order may result in an order or Recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:  **February 9, 2016**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE

4