1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

OMAR CEBRERO,                                    )    Case No.: 1:16-cv-00173-JLT
                                                 )
12

          Petitioner,                            )    ORDER GRANTING PETITIONER'S MOTION
                                                 )    TO STAY PROCEEDINGS (Doc. 1)
13

     v.                                          )
                                                 )    ORDER FOR PETITIONER TO FILE REGULAR
14

S. FRAUENHEIM,                                   )    STATUS REPORTS
                                                 )
15

          Respondent.                            )
                                                 )
16

Petitioner requested a stay to exhaust five claims.  Plaintiff has now provided additional detail

17

about these claims.  As a result, the Court will order the matter stayed to allow Petitioner time to

18

exhaust these claims.

19

**I.     Discussion**

20

A court has had the discretion to stay a petition.  Calderon v. United States Dist. Court

21

(Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.),

22

*cert. denied*, 519 U.S. 1002 (1997).  Granting a stay is appropriate where there is no intention on the

23

part of the Petitioner to delay or harass and in order to avoid piecemeal litigation.  Id.  Where the

24

petition contains only exhausted claims, still the court may hold it in abeyance to allow exhaustion of

25

other claims.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004).

26

Notwithstanding the foregoing, federal case law continued to require that the Court dismiss

27

"mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509

28

1

1    (1982).  However, in <u>Rhines v. Weber</u>, 544 U.S. 269, (2005) the Court recognized that "[a]s a result of

2    the interplay between AEDPA's 1-year statute of limitations[1] and <u>Lundy</u>'s dismissal requirement,

3    petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their

4    opportunity for any federal review of their unexhausted claims." Thus, federal courts may now issue

5    "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust claims before

6    proceeding with their federal petitions.  <u>Rhines</u>, 544 U.S. at 275.  IWhile the procedure should be

7    "available only in limited circumstances," it "likely would be an abuse of discretion for a district court

8    to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust,

9    his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

10   engaged in intentionally dilatory litigation tactics."  <u>Rhines</u>, 544 U.S. at 278.  When a petitioner has

11   met these requirements, his interest in obtaining federal review of his claims outweighs the competing

12   interests in finality and speedy resolution of federal petitions.  <u>Id</u>.

13          Here, Petitioner has timely filed a federal habeas petition containing seven claims exhausted

14   through state habeas corpus proceedings.  He has also indicated that he wishes to initiate state court

15   habeas proceedings to exhaust five additional claims which he hopes to be able to include in the

16   instant petition.  Thus, it appears to the Court that Petitioner is prepared to exhaust his claims in a

17   timely and expeditious manner, and there is no indication that, in seeking this stay and abeyance,

18   Petitioner intends to harass or delay the proceedings nor does it appear that Petitioner is engaging in

19   dilatory conduct.  Although the Court is not prepared at this time to make a final assessment of the

20   merits of the five unexhausted claims in the instant petition, a preliminary review of that claim

21   indicates that Petitioner has sufficiently alleged a constitutional violation for each of those

22   unexhausted claims.  Moreover, it appears that Petitioner is proceeding in good faith and that no

23   prejudice would inure to the parties by granting the requested stay.

24          Therefore, good cause having been presented and good cause appearing therefore, the Court

25   will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas

26   corpus in abeyance pending exhaustion of Petitioner's state remedies.

27   _____

28   [1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Case 1:16-cv-00173-DAD-JLT   Document 18   Filed 03/10/16   Page 3 of 4

However, the Court will not indefinitely hold the petition in abeyance.  See Taylor, 134 F.3d at 988 n. 11.  **No later than 30 days** after the date of service of this order, Petitioner **SHALL** inform the Court of the status of the habeas proceedings in state court, including the dates his petitions were filed, the case numbers, and any outcomes.[2]  Further, Petitioner must proceed diligently to pursue his state court remedies, **and every 60 days after** the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings.  Following final action by the state courts, Petitioner will be allowed 30 days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims.  Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

## ORDER

Accordingly, the Court **ORDERS**:

1.    Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 1) is **GRANTED**;

2.    Proceedings on the instant petition are **STAYED** pending exhaustion of Petitioner's state remedies as to claims seven through twelve;

3.    Petitioner **SHALL** file a status report **within 30 days** of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4.    Petitioner **SHALL** file a new status report **every 60 days** after the filing of the initial status report, regardless of whether the state courts have acted on his petition;

///
///
///
///
///

_____

[2] The filing should be entitled "Status Report."

3

5.      Petitioner is **GRANTED** 30 days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

IT IS SO ORDERED.

Dated:     **March 10, 2016**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE